UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUNA SANDS RESORT, LLC,

    Plaintiff,

v.                                                Case No: 6:25-cv-644-JSS-LHP

PATRICK GARVEY,

    Defendant.
_____/

**ORDER**

    Plaintiff, Luna Sands Resort, LLC, initiated this case in the County Court of the Seventh Judicial Circuit in and for Volusia County, Florida, Civil Division, Case Number 2025 15314 CODL, by asserting one count for residential eviction under chapter 83, Florida Statutes. (Dkt. 1-1.) Defendant, Patrick Garvey, proceeding pro se, removed the case to this court pursuant to 28 U.S.C. § 1331. (Dkt. 1.) Because the court lacks subject matter jurisdiction, this case is remanded to Florida state court.

    Pro se filings are construed liberally. *Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020). However, federal courts have an obligation to assure themselves of their subject matter jurisdiction. *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011). Further, federal courts "constru[e] removal statutes strictly and resolv[e] doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). "The burden of establishing federal jurisdiction falls on the party attempting to remove a case from

state court." *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1362 (M.D. Fla. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961)). In general, "[i]f at any time before final judgment the district court issues an order remanding a case to state court because it lacks subject matter jurisdiction, that order is not reviewable." *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007).

Federal courts have federal question jurisdiction when a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). "In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question." *Id.* Here, the complaint asserts a straightforward eviction count under chapter 83, Florida Statutes, (Dkt. 1-1), and thus does not state a federal question, *see Waters v. Rockett*, No. 3:24-CV-251-MMH-JBT, 2024 WL 1154285, at *1, 2024 U.S. Dist. LEXIS 46843, at *2–3 (M.D. Fla. Mar. 18, 2024). Defendant argues that the court has federal question jurisdiction because this case is related to an ongoing case that he has filed in this court under 42 U.S.C. § 1983. (Dkt. 1 at 1–6.) However, Defendant's arguments in this regard relate to his defense, rather than to Plaintiff's claims, and "a case may *not* be removed to federal court on the basis of a federal defense," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Defendant raises only federal question jurisdiction as the basis for this court's subject matter jurisdiction. (*See* Dkt. 1.) Nonetheless, having determined that the

court lacks federal question jurisdiction, the court considers other bases. Defendant's "allegations [a]re insufficient to support removal under [28 U.S.C. § 1443]" because he does "not allege that []he would be denied or cannot enforce h[is] civil rights in a [Florida] court." *See ASO Holdings, Inc. v. Setenyi*, 738 F. App'x 687, 688 (11th Cir. 2018). Additionally, the record does not support diversity jurisdiction because Plaintiff's members—and therefore its citizenship—are unknown. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1221 (11th Cir. 2017) ("The citizenship of an LLC is the citizenship of each member."). No other jurisdictional basis is apparent from the record. Thus, the court lacks subject matter jurisdiction over this case.

To the extent that Defendant relies in his notice of removal, (*see* Dkt. 1 at 6–7), on the April 8, 2025 order staying his section 1983 case, (*see* Dkt. 1-3 at 3), Defendant misconstrues that order as "enjoin[ing] all state court eviction proceedings pending resolution of" the appeal of that case before the Eleventh Circuit, (Dkt. 1 at 6). By its own terms, the April 8, 2025 order is limited to staying the section 1983 case and does not purport to stay any other proceedings. (*See* Dkt. 1-3 at 3.) Nor does the order furnish Defendant with a basis for removing this case to federal court.

Because the court lacks subject matter jurisdiction over this case, the Clerk is **DIRECTED** to remand the case to the County Court of the Seventh Judicial Circuit in and for Volusia County, Florida, Civil Division, Case Number 2025 15314 CODL; to forward a certified copy of this order to that court; to terminate any motions and deadlines pending in this case; and to close the case file.

- 4 -

**ORDERED** in Orlando, Florida, on April 17, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record